# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION TWO

MARK MCCUNE,
*Plaintiff/Appellant,*

v.

PHH MORTGAGE CORPORATION;
WESTERN PROGRESSIVE – ARIZONA, INC.; AND NOVA HOME LOANS,
*Defendants/Appellees.*

No. 2 CA-CV 2019-0211
Filed February 12, 2021

THIS DECISION DOES NOT CREATE LEGAL PRECEDENT AND
MAY NOT BE CITED EXCEPT AS AUTHORIZED BY APPLICABLE RULES.
NOT FOR PUBLICATION
*See* Ariz. R. Sup. Ct. 111(c)(1); Ariz. R. Civ. App. P. 28(a)(1), (f).

Appeal from the Superior Court in Pima County
No. C20195500
The Honorable D. Douglas Metcalf, Judge

**AFFIRMED**

COUNSEL

Mark McCune, Tucson
*In Propria Persona*

Houser LLP, Phoenix
By Robert M. Norman Jr. and Solomon S. Krotzer
*Counsel for Defendants/Appellees*

Case 4:21-bk-06099-SHG   Doc 45-1   Filed 11/04/21   Entered 11/04/21 12:47:38   Desc
Exhibit A - Arizona Court of Appeals Memorandum Decision   Page 1 of 5   Exhibit A

**MEMORANDUM DECISION**

Presiding Judge Espinosa authored the decision of the Court, in which Vice Chief Judge Staring and Judge Eckerstrom concurred.

E S P I N O S A, Presiding Judge:

¶1 Mark McCune appeals from the trial court's denial of his motion for a temporary restraining order. For the following reasons, we affirm.

### Factual and Procedural Background

¶2 This matter stems from a loan secured by real property located on Frannea Drive in Tucson (the "property"). In 2003, McCune's mother obtained a Home Equity Line of Credit (the "Note") on the property from Nova Financial & Investment Corporation, borrowing $100,000. The Note, held by non-party Wells Fargo Bank, N.A., was and remains secured by a deed of trust on the property. Appellee Western Progressive—Arizona, Inc. became the trustee on the deed of trust in 2016, and appellee PHH Mortgage Corporation is the loan servicer.

¶3 McCune's mother died in 2006, and the personal representative of her estate made monthly payments toward the loan balance until 2011. That year, McCune inherited the property "subject to all encumbrances thereon" but admittedly "never made a payment." In April 2016, Western Progressive recorded a notice of trustee's sale of the property.

¶4 In September 2016, days before the trustee's sale was to occur, McCune brought an action in state court contesting the sale, and a temporary restraining order enjoining the sale was granted. In January 2018, McCune filed for bankruptcy, which also stayed the trustee's sale. Following almost a year and a half of litigation in the state court case, in February 2018, the court concluded "Wells Fargo Bank holds the Note," and "it is uncontested that the loan is in default"; the suit was dismissed in July 2018, and the judgment of dismissal was not appealed. After his bankruptcy action closed in October 2019, McCune sued in federal court seeking to prevent the sale; that case was subsequently dismissed with prejudice.

2
Case 4:21-bk-06099-SHG   Doc 45-1   Filed 11/04/21   Entered 11/04/21 12:47:38   Desc
Exhibit A - Arizona Court of Appeals Memorandum Decision   Page 2 of 5

Exhibit A

**¶5** In November 2019, McCune filed a new lawsuit, this one against PHH Mortgage Corporation, alleging the impending trustee sale was "fraudulent" and seeking to remove the lien against the property.[1] Attached to his complaint was an "emergency motion" for a temporary restraining order to halt the trustee's sale. McCune claimed federal law prohibited the foreclosure, the Arizona statute of limitations to collect the debt had run, and the identity of the party who owned the debt was unknown. After a hearing spanning two days, the trial court found "there is no chance of success" as to each of McCune's arguments and denied the motion. McCune has appealed that ruling, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(5)(b). *See Bulova Watch Co. v. Super City Dep't Stores of Ariz., Inc.*, 4 Ariz. App. 553, 555 (1967).

**Discussion**

**¶6** A party may obtain a preliminary injunction or temporary restraining order by showing "a strong likelihood of success on the merits, a possibility of irreparable injury if the injunction is not granted, a balance of hardships weighing in [its] favor, and public policy favoring the requested relief." *TP Racing, L.L.L.P. v. Simms*, 232 Ariz. 489, ¶ 21 (App. 2013). Preliminary injunctions are disfavored, however, because they affect the status quo in advance of a trial on the merits. *Shoen v. Shoen*, 167 Ariz. 58, 63 (App. 1990). "The scope of our review of an order denying a preliminary injunction is limited to determining whether the trial court committed a clear abuse of discretion." *Id.* at 62. Unless the court abused its discretion by applying the incorrect standard or substantive law, basing its decision on a clearly erroneous finding of fact that is material, or applying an acceptable standard in a manner that results in an abuse of discretion, we must affirm. *See McCarthy W. Constructors, Inc. v. Phx. Resort Corp.*, 169 Ariz. 520, 523 (App. 1991); *Shoen*, 167 Ariz. at 62.

**¶7** Although the trial court concluded McCune had no chance of succeeding on the merits based on his three arguments—statute of limitations, violation of federal law, and unknown ownership of the debt—McCune addresses only the third on appeal. The lack of any claim as to the first two arguments constitutes waiver and abandonment of any such issue on appeal. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, ¶ 5 (App. 2017) (failure to challenge ground on appeal constitutes abandonment and waiver of the claim); *see also State v. Carver*, 160 Ariz. 167, 175 (1989)

---

[1] Shortly thereafter, McCune amended his complaint and named Western Progressive and Nova Home Loans as defendants.

3
Case 4:21-bk-06099-SHG   Doc 45-1   Filed 11/04/21   Entered 11/04/21 12:47:38   Desc
Exhibit A - Arizona Court of Appeals Memorandum Decision   Page 3 of 6

Exhibit A

("Failure to argue a claim usually constitutes abandonment and waiver of that claim."). And in any event, the trial court did not abuse its discretion by concluding McCune was unlikely to succeed with either of those arguments.

**¶8** McCune's statute of limitations claim was meritless, as the court recognized, because the six-year statute of limitations began to run on the date the notice of trustee's sale on the property was recorded in 2016, pursuant to the terms of the acceleration clause in the deed of trust. *See* A.R.S. §§ 12-548, 33-816; *Navy Fed. Credit Union v. Jones*, 187 Ariz. 493, 495 (App. 1996); *Andra R Miller Designs LLC v. US Bank NA*, 244 Ariz. 265, ¶¶ 15-16 (App. 2018) ("when a creditor has the power to accelerate a debt, the six-year statute of limitations begins to run on the date the creditor exercises that power"; recordation of the notice of trustee's sale is "an affirmative act" of the debt's acceleration). The court also properly rejected McCune's argument that the federal law he cited prohibited the trustee's sale. That "law" was only a house resolution that had not been enacted.[2] *See* National Homeowners Bill of Rights Act, H.R. 3015, 115th Congress (2017).

**¶9** McCune focuses on his contention that the parties seeking to foreclose on the property do not have a valid ownership interest. Specifically, he argues he "wants the superior court to hear the truth that neither PHH Mortgage/Nova Home Loans/Western Progressive . . . ha[s] the legal standing to foreclose" on the property. He claims the loan was "most likely" paid off by his mother in 2003, the assignment of deed of trust "was cooked up," and the debt was created "out of thin air." But the trial court correctly noted that the ownership of the debt and the right of the trust to foreclose on the property had already been litigated and decided in the earlier state litigation and judgment.[3] We further reject McCune's

---

[2]Moreover, McCune asserted the law prohibits foreclosure in the sixty days following date of servicing transfer on mortgage, but the trustee's sale here was noticed well beyond sixty days following the service transfer.

[3]McCune suggests that the court's determination of issue preclusion was improper because the current case involves a "different set[] of defendants and facts" from the previous case. But he has failed to substantially develop this argument, and we conclude it is waived. *See* Ariz. R. Civ. App. P. 13(a)(7)(A) (opening brief must contain "contentions concerning each issue presented for review, with supporting reasons for each contention"); *Sholes v. Fernando*, 228 Ariz. 455, ¶ 16 (App. 2011) (failure to develop and support argument waives issue on appeal). Further,

4
Case 4:21-bk-06099-SHG    Doc 45-1    Filed 11/04/21    Entered 11/04/21 12:47:38    Desc
Exhibit A - Arizona Court of Appeals Memorandum Decision    Page 4 of 5

Exhibit A

argument, to the extent it can be construed as a continuation of his claim below, that "[n]obody knows who owns the note today." *See Hogan v. Wash. Mut. Bank, N.A.*, 230 Ariz. 584, ¶ 8 (2012) ("deed of trust statutes impose no obligation on the beneficiary to 'show the note' before the trustee conducts a non-judicial foreclosure"). Finally, insofar as McCune's argument asks us to reweigh the evidence and come to a contrary factual determination regarding ownership of the debt, it is beyond our purview to do so.[4] *See Merkens v. Fed. Ins. Co.*, 237 Ariz. 274, ¶ 24 (App. 2015).

¶10 McCune also claims the trial court "did not allow [him] due process of law" by denying an injunction hearing and not permitting him to conduct discovery. Notwithstanding that the record lacks any discovery request made by McCune or denial thereof and the court held a hearing spanning two days on his motion for a temporary restraining order, we do not address this argument because it was raised for the first time in his reply brief. *See In re Marriage of Pownall*, 197 Ariz. 577, n.5 (App. 2000) ("Arguments raised for the first time in a reply brief are deemed waived.").

## Disposition

¶11 The trial court's denial of McCune's motion for a temporary restraining order is affirmed.

---

notwithstanding waiver, his bare argument is unpersuasive because the defendants need not be the same as in the previous case for a court to find a plaintiff is precluded from re-litigating an issue. *See Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, ¶¶ 9-10 (App. 2003) (common identity of parties not required where defendant "seeks to prevent a plaintiff from asserting a claim the plaintiff previously litigated unsuccessfully against another party").

[4]Additionally, because "[t]his court is not the appropriate forum for resolving factual disputes," *see Kessen v. Stewart*, 195 Ariz. 488, ¶ 26 (App. 1999), we do not take into consideration those assertions in McCune's "statement of facts" relating to events that apparently occurred after the trial court had ruled on his motion that is the subject of this appeal. *See West v. Baker*, 109 Ariz. 415, 418-19 (1973) ("[A]n appellate court is confined in the determination of a case to what is shown by the record only and cannot consider such extraneous matters.").