# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## Minute Entry

*Hearing Information:*

|  |  |
|---|---|
| **Debtor:** | MARK WADE MCCUNE |
| **Case Number:** | 4:21-BK-06099-SHG  **Chapter:** 7 |
| **Date / Time / Room:** | THURSDAY, AUGUST 03, 2023 02:00 PM   VIDEO CONF HRGS |
| **Bankruptcy Judge:** | SCOTT H. GAN |
| **Courtroom Clerk:** | TERESA MATTINGLY |
| **Reporter / ECR:** | SHARON GIFFORD |

*Matter:*

TRUSTEE'S INTENT TO ABANDON PROPERTY AND DEBTOR'S OPPOSITION THERETO RE: PROPERTY LOCATED AT 2131 N FRANNEA DR. TUCSON, AZ 85712

**R / M #:** 168 / 0

*Appearances:*

TRUDY A. NOWAK, TRUSTEE, Appeared by videoconference
MARK WADE MCCUNE, Appeared by videoconference

# Minute Entry

(continue)...   4:21-BK-06099-SHG         THURSDAY, AUGUST 03, 2023 02:00 PM

## *Proceedings:*

The Court had reviewed all the related pleadings. It asked the trustee to explain why the notice to abandon was filed.

Ms. Nowak argued that there was no equity in the real property above any exemption. The stay was lifted, and a foreclosure sale had been conducted with a trustee deed of sale recorded on June 8, 2023. The Debtor no longer owned the property. There were no creditors in the bankruptcy besides Wells Fargo and affiliated companies. A no asset report was filed after the 341 meeting. There was nothing to investigate or administer because there was no reason to do so under bankruptcy law.

The Court understood that for all intents and purposes there was no need for an order abandoning the property. The stay having been lifted and the foreclosure completed, the property had been transferred and there was nothing for the estate to do with the property.

Ms. Nowak advised that uploading an order for approval would have no effect on the bankruptcy.

The Court explained to the Debtor that it did not see any detriment that would occur because of the abandonment. It asked the Debtor to explain why he had opposed abandonment.

Mr. McCune stated that the state of Arizona had his property listed as unclaimed. He did not want to lose his homestead or rights to the property. He thought that the trustee had somehow given the state his unclaimed property due to former renters who had contacted him saying the state was asking if they wanted the property. He did not want the property to go to the state of Arizona. He believed that he still owned the homestead and the rights to any claims or damages. He questioned whether the trustee's deed was valid.

The Court discussed that the kind of claims that the Debtor was asserting regarding who owned the house or whether the proceedings that occurred outside of the bankruptcy court were valid were issues the Debtor had the right to pursue under state law in state court.

COURT: THE COURT RENDERS THE LEGAL AND FACTUAL BASIS FOR ITS RULING. For the reasons stated on the record, the Trustee's request to abandon the property at 2131 N. Frannea Drive, Tucson, Arizona is granted. The Trustee has made a prima facie showing that the Debtor's property is of inconsequential value to the estate and benefit to the estate. SIMILARLY, the Trustee has made a prima facie showing that the Debtor's claims arising from his ownership of the real property are of inconsequential value to the estate and benefit to the estate. The Trustee's motion to abandon is granted. The Trustee is directed to lodge proposed order granting the request and abandoning the property pursuant to 11 U.S.C. 554(a).

Ms. Nowak suggested the Court not enter an order and allow the case to close based upon her no asset report that had been filed. Once the case closed, the assets would automatically be abandoned pursuant to the statute.

COURT: AT THE HEARING AFTER PRESENTING THE BASIS FOR GRANTING THE MOTION TO

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

# Minute Entry

(continue)...    4:21-BK-06099-SHG        THURSDAY, AUGUST 03, 2023 02:00 PM

ABANDON, THE TRUSTEE ASKED THE COURT NOT TO ENTER AN ORDER. RATHER THE TRUSTEE WITHDREW THE MOTION AND ASKED THE COURT TO ALLOW THE CASE TO CLOSE ADMINISTRATIVELY WITHOUT ADMINISTERING THE REAL PROPERTY OR THE CAUSES OF ACTION, AND THEREBY ABANDONING THEM PURSUANT TO § 554(C).

The hearing was adjourned.

Copy of the M.E. mailed by BNC to:
Mark Wade MCune, 2131 N. Frannea, Tucson, AZ  85712
tlm